UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN VANDERKOLK,

        Plaintiff,              Case No. 1:05-CV-741

v.                            HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Commissioner's objections to the Magistrate Judge's Report and Recommendation issued on December 19, 2006. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge (ALJ) failed to develop the record by not having a rheumatologist evaluate Plaintiff's condition, and also determined that new material evidence exists that warrants a remand. In particular, the magistrate judge noted the existence of treatment notes of Plaintiff's treating physician, Dr. DeMoss, created after the ALJ's decision, which documented Plaintiff's depression and supported the diagnosis of a psychiatrist, Dr. Greenbaum, whose report was discredited by the ALJ due to a lack of corroborating medical reports.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The Commissioner first objects to the magistrate judge's finding that the ALJ failed to develop the record. The Commissioner argues that, while the ALJ did not refer Plaintiff to a rheumatologist as the ALJ ordered on the record, the ALJ did send Plaintiff to a specialist in internal medicine whose findings included an evaluation of Plaintiff's gout. The Commissioner argues that the ALJ reasonably accepted the physicians findings related to Plaintiff's gout and related work limitations, even though the physician was not a rheumatologist.

However, the specialist in internal medicine did not evaluate Plaintiff's osteoarthritis or joint destruction. Based on the ALJ's determination that the record needed development regarding Plaintiff's alleged joint destruction and inflammatory arthritis, the ALJ's stated intent to refer Plaintiff to a rheumatologist for examination and "any appropriate x ray [sic] being taken," and the ALJ's subsequent failure to do so, the Court agrees with the magistrate judge's conclusion that remand to the ALJ is appropriate for development of the record.

The Commissioner next objects to the magistrate judge's conclusion that new material evidence exists that warrants a sentence-six remand under 42 U.S.C. § 405(g). First, the Commissioner contends that the evidence is not material. A claimant must show materiality by demonstrating "that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec. of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Furthermore, "[e]vidence which reflected the applicant's aggravated or deteriorated condition is not relevant because such evidence does not demonstrate the point in time that the disability itself began." *Id*. at 712. The Commissioner asserts that the evidence is not material because it is from a medical visit that occurred after the ALJ's decision, and thus, does not relate to Plaintiff's condition prior to the date of the ALJ's decision.

Dr. DeMoss' April 2005 evaluation recites Plaintiff's complaint that "[t]he onset of the depression has been gradual and been occurring in a persistent pattern for six months." (Pl.'s Br. in Supp. Compl. Ex. A.) This six month period relates back to before the ALJ decision and begins contemporaneously with the psychiatric evaluation of Dr. Greenbaum from November 2004, which was presented to the ALJ. Dr. DeMoss diagnosed Plaintiff with depression and prescribed medication for the condition.

The Court agrees with the magistrate judge that the evidence is material. Although Dr. DeMoss did not observe or evaluate depression symptoms prior to April 2005, a finding of depression at this time supports Dr. Greenbaum's finding of depression in November 2004. Therefore, the evidence is material because there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with this new evidence supporting the earlier diagnosis of depression.

The Commissioner next argues that there is no good cause for Plaintiff's failure to present this evidence in a timely manner. The Commissioner asserts that Plaintiff did not have a valid reason for failing to provide evidence of his depression from his treating physician prior to the hearing in November 2004. However, the Court agrees with the magistrate judge that good cause exists because Dr. DeMoss' evaluation and diagnosis in April 2005 was part of Plaintiff's regular treatment. Good cause for remand is shown only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Sec. of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 19, 2006 (docket no. 9), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **REVERSED**.

**IT IS FURTHER ORDERED** that this matter be remanded so that the Commissioner can have Plaintiff evaluated by a rheumatologist and can consider Dr. DeMoss' medical report of April 2005, regarding the disability.

Dated:  May 22, 2007                                          /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE