UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN VANDERKOLK,

        Plaintiff,

Case No. 1:05-cv-741

Hon. Gordon J. Quist

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (docket no. 13). For the reasons stated below, the undersigned recommends that plaintiff's motion be granted in part.

    **I.**    **Legal Standard**

The Equal Access to Justice Act ("EAJA") provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

Defendant objects to plaintiff's fee application on the ground that the government's position was substantially justified. Under the EAJA, the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The government bears the burden under the EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). The government's position is substantially justified

> if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted). Stated another way, "[t]he test for substantial justification [under the EAJA] is whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

The court's decision to award fees under the EAJA is independent from the court's review of the merits of the case, requiring "the court to examine through an EAJA prism both the Government's litigation position and the conduct that led to litigation." *Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.D.C. 1986). Although plaintiff was a prevailing Social Security claimant, EAJA fees are not available to her unless the Commissioner's position lacked "a reasonable basis in law and fact." *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006). In the context of a Social Security Appeal, the fact that the court finds a decision of the Commissioner is not supported by substantial evidence "is not equivalent to a finding that the

position of the United States was not substantially justified" under the EAJA. *Couch v. Secretary of Health and Human Services*, 749 F.2d 359, 360 (6th Cir. 1984). Thus, the government's position has been found to be substantially justified even though the case was remanded for further proceedings. *See*, *e.g.*, *Gray v. Commissioner of Social Security*, No. 00-6616, 2001 WL 1450821 at *1 (6th Cir. Nov. 6, 2001) (remanded due to error of law); *Cunningham v. Halter*, No. 00-4034, 2001 WL 1450778 (6th Cir. Oct. 30, 2001) (government's position substantially justified when, although the matter was remanded for further development regarding three specific issues, the government had successfully defended several claims); *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999) (although an ALJ's decision contained flaws which require a reversal of the denial of benefits and a remand for further consideration, such a reversal did not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not "substantially justified" under the EAJA).

## II. Background

In the present case, the ALJ held two hearings. At the first hearing, the ALJ determined that given plaintiff's medical condition (including degenerative disc disease, gout, osteoarthritis and joint destruction), the medical record needed further development by a rheumatologist with appropriate x-rays (AR 178, 256-57). However, plaintiff was examined instead by an internist rather than a rheumatologist (AR 173-77). While the internist was a specialist in his own right, being a Diplomate of the American Board of Internal Medicine, he was not a rheumatologist and did not evaluate the osteoarthritis or joint destruction issue (AR 173-77). At the second hearing, plaintiff's counsel objected to the ALJ's failure to obtain an examination by a rheumatologist, but the ALJ did not address this issue (AR 261-63). The ALJ entered a decision

denying plaintiff's claim for disability insurance benefits (DIB) on February 5, 2005, relying in part on the internist's opinion (AR 15-25). After reviewing the administrative record, the court reversed and remanded the ALJ's decision denying benefits pursuant to sentence four of 42 U.S.C. § 405(g). The remand was based upon the ALJ's failure to adequately develop the medical record, when he failed to obtain an examination by a rheumatologist and appropriate x-rays. In addition, the court instructed the ALJ to review new, post-hearing evidence that plaintiff suffered from depression.

### III.    Discussion

#### A.    Government's position was not substantially justified

Plaintiff's counsel pointed out that the ALJ did not obtain a consultative examination by a specialist, which the ALJ found necessary for his decision. The record reflects that while the internist was qualified in his own specialty, the ALJ explicitly required the services of a rheumatologist. Furthermore, the internist did not address the key issue of joint destruction, which was one reason for the examination. The ALJ did not obtain the specialist's opinion he needed to properly evaluate plaintiff's claim and gave no explanation for the use of the internist rather than a rheumatologist. The administrative record reflected a flaw in the ALJ's decision that could have been remedied by either an additional consultative examination or a reasoned explanation for the ALJ's decision to forego the rheumatologist's examination and rely upon the internist's examination. Based on this record, the court concludes that the ALJ's decision denying benefits did not have a reasonable basis in law and fact and that the government's position was not substantially justified.

      **B.**    **Calculation of award**

Plaintiff's counsel incurred a total of 26.4 hours of attorney time in this matter. Plaintiff seeks attorney fees in the amount of $4,382.40 based upon an hourly rate of $166.00. Defendant contends, on the other hand, that the fees should be calculated at $159.36 per hour for the 23.2 hours of work performed in 2006 and $162.50 for the 3.2 hours of work performed in 2007.

The EAJA provides for the award of reasonable attorney fees and other expenses as follows:

> "fees and other expenses" includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

28 U.S.C. § 2412(d)((2)(A)(ii).

Courts typically adjust the EAJA's $125.00 hourly rate based upon increases in the consumer price index ("CPI"). In *East v. Barnhart*, 377 F. Supp. 2d 1170 (M.D. Ala. 2005), the court set forth a method for adjusting the statutory rate of EAJA fees due to increases in the CPI:

> To get this figure, subtract the CPI for the base year ["base CPI"], 1996 (the year the statutory ceiling was changed from $75 to $125), from the CPI for the period the court uses as the appropriate measure for adjustment ["adjustment CPI"] during which services were performed. . . The difference is then divided by the base CPI and then multiplied by 100 to arrive at the percent by which the CPI increased or decreased.

*East*, 377 F. Supp. 2d at 1171 n. 3.

The court discussed the significance of choosing an appropriate adjustment CPI, observing that "[a]ll of the Circuit courts outside the Eleventh Circuit that have addressed this issue have determined that basing an inflationary adjustment on the most recent CPI without regard to the

time when services were actually provided imposes upon the government a charge for delayed payments, which is tantamount to interest and is impermissible absent an express legislative waiver." *Id.* at 1171-72 (citations omitted).[1]

Accordingly, the court utilized the "adjustment CPI" for the month "of the earliest accounting for plaintiff's counsel's time" on the case. *Id.* at 1177.

> Basing inflationary adjustments on the CPI at the time counsel agreed to represent the prevailing party in a particular case guarantees that the United States will not be charged interest. In addition, it most closely replicates ordinary hourly fee agreements, and because the EAJA does not supersede attorney-client contracts establishing mutually agreed-upon methods for calculating the reasonable charge for an attorney's services, this method will cause little if any hardship and will actually reduce the unwelcome surprise that may accompany a period of significant deflation. The time-honored judicious values of accuracy, consistency and predictability will be well-served.

*Id.* at 1176 -1177 (footnotes omitted). The undersigned agrees with this method of adjusting attorney fee awards under the EAJA.

In the present case, counsel performed work from January 17, 2006 through January 16, 2007. For the reasons stated above, counsel should have utilized the CPI for January 2006, the month he commenced work on plaintiff's case. The CPI for all urban consumers in January 2006 (not seasonally adjusted) was 198.3. *See* United States Department of Labor, Bureau of Labor Statistics, web site at [www.bls.gov.](www.bls.gov.)[2] The difference between the adjustment CPI (198.3) and the base CPI of March 1996 (155.7) is 42.6. This change in the CPI represents an increase of 27% (i.e.,

---

[1] As a general rule, "interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from the award of interest." *Library of Congress v. Shaw*, 478 U.S. 310, 311 (1986). The court notes that the EAJA contains an interest clause, which provides that, in the event the government appeals an attorney fee award, interest accrues "from the date of the award through the day before the date of the mandate of affirmance" of the award. 28 U.S.C. § 2412(f).

[2] The CPI base period is 1982-1984 = 100.

42.6/155.7), and corresponds with an adjusted hourly rate of $ 158.75.  Accordingly, plaintiff is entitled to an EAJA fee award in the amount of $ 4,191.00 (i.e., 26.4 hours x $158.75).[3]

### III.     Recommendation

I  respectfully recommend that plaintiff's application for attorney fees and costs (docket no.13) be **GRANTED in part**, and that counsel be awarded attorney fees in the amount of $ 4,191.00.


Dated:  December 5, 2007                                        /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] In future motions of this nature, it would be helpful if the parties supplied these calculations in their briefs.